**BIOMED PHARMACEUTICALS, INC., Plaintiff–Appellant,**

v.

**OXFORD HEALTH PLANS (N.Y.), INC., Defendant–Appellee,**

**Oxford Health Insurance, Inc., Unitedhealth Group Incorporated, Defendants.**

No. 12–3023–cv.

United States Court of Appeals, Second Circuit.

June 18, 2013.

Marcos Daniel Jimenez (Michael Dillon, McDermott Will & Emery LLP, New York, NY, on the brief), McDermott Will & Emery LLP, Miami, FL, for Appellant.

Michael H. Bernstein (John T. Seybert, on the brief), Sedgwick LLP, New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, CHRISTOPHER F. DRONEY, Circuit Judge, JOHN F. KEENAN, District Judge.*

### SUMMARY ORDER

Biomed Pharmaceuticals, Inc. appeals from the judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*), dismissing Biomed's complaint after a bench trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Biomed, a provider of injectable medications, sued Oxford Health Plans (N.Y.), Inc., under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) (allowing a beneficiary to bring a civil action for benefits due under a plan), after Oxford reduced payments to Biomed for services that Biomed provided to a boy suffering from hemophilia. After discovering that Biomed had waived the patient's deductible and coinsurance obligations, Oxford launched an investigation and ultimately concluded that the waivers

---

* Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

granted by Biomed were fraudulent. Because the deductible and coinsurance obligations were unpaid and no valid waiver had been granted, Oxford stopped paying Biomed the full amount charged.

After a bench trial, we review a district court's factual findings for clear error and its legal conclusions *de novo. Giordano v. Thomson*, 564 F.3d 163, 168 (2d Cir.2009). On *de novo* review of a claim of denial of benefits, we apply the same standard that the district court applied to the ERISA fund administrator's decision. *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 130 (2d Cir.2008). When (as here) an ERISA fund administrator has discretionary authority to deny benefits, we review the denial of benefits under a deferential "arbitrary and capricious" standard. *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82–83 (2d Cir.2009). "Under the arbitrary and capricious standard of review, we may overturn a decision to deny benefits only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law." *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir.1995) (internal quotation marks omitted). An administrator that both evaluates and pays claims for benefits has a conflict of interest, and a reviewing court "should weigh the conflict as a factor in its analysis." *Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 138 (2d Cir.2010).

Under the relevant provision of ERISA (Section 502, codified at 29 U.S.C. § 1132), "[a] civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a). ERISA plaintiffs are thus "required to prove their case; to establish that they were entitled to that benefit pursuant to the terms of the Contract or applicable federal law." *Juliano v. Health Maintenance Org. of N.J., Inc.*, 221 F.3d 279, 287–88 (2d Cir.2000).

Oxford's determination that the beneficiary had not satisfied the plan's cost-share obligations was reasonable and supported by substantial evidence. Biomed's waivers were not based on a good faith inquiry into the family's financial condition, and it appeared that Biomed granted such waivers routinely. Given the beneficiary's failure to fulfill the deductible and coinsurance obligations or to obtain an appropriately vetted waiver, it was reasonable for Oxford to pay a reduced amount. These determinations were not arbitrary and capricious, and the judgment should be affirmed.

For the foregoing reasons, and finding no merit in Biomed's other arguments, we hereby **AFFIRM** the judgment of the district court.